[No. 1473, June 14, 1912.]

THE TERRITORY OF NEW MEXICO, Appellee, v. PATTIE M. TURNER, Appellant.

SYLLABUS (BY THE COURT).

1.   Sec. 4149, C. L. 1897, as amended by sec. 4, chap. 108, S. L. 1901; makes it a penal offense to refuse or neglect to take out a license and pay the penalty prescribed, within thirty days after receiving a notice from the assessor, as provided in the act, and, it is necessary, in an indictment based upon this section, to charge that such notice was received by the defendant and that he failed, within the time limited, to pay the tax or license.

Appeal from the District Court of Santa Fe County.

OPINION OF THE COURT.

ROBERTS, C. J.—The appellant was convicted in the district court of Santa Fe County of engaging "in

itinerant trade without first having obtained a license as a peddler." ·A demurrer was filed to the indictment, which was overruled, and the cause was submitted to the court upon an agreed statement of facts, a jury having been waived, and the court, upon such statement of facts, found the defendant guilty. Motion was filed in arrest of judgment, upon the same grounds specified in the demurrer to the indictment. The motion was overruled and defendant was sentenced to pay a fine of $10.00· and costs, from which judgment this appeal is prosecuted. The only question urged upon this appeal is the insufficiency of the indictment to charge an offense against any penal statute of the (then) territory of New Mexico.

The material part of the indictment charges that the defendant "did unlawfully engage in itinerant trade without first having obtained a license as a peddler, and without having any license as a peddler she, the said Pattie M. Turner then and there selling dry goods and merchandise at retail to individual purchasers, which said purchasers were not dealers in the articles sold, and the same not being maps, books, newspapers, fuel, fruits and domestic machinery, she the said Pattie M. Turner, not then and there having a merchandise license."

The indictment was apparently drawn under sec. 16, chap. 128 of the laws of 1905, the material portion of which reads as follows:

"Every itinerant vendor who sells or exposes for sale, either at public or private sale, in any county of this territory any manufactured goods, wares, jewelry or merchandise without having first procured a territorial license, and the license from the county in which he sells or exposes for sale such manufactured goods, jewelry, wares or merchandise, as provided for in this act.................... shall be punished by a fine of not less than $10, etc."

The attorney general admits that the indictment is not good, under this section of the statute, because it fails to charge that the defendant was an itinerant vendor, or to charge the acts included under the definition of an itinerant vendor in the first section of the act. The indictment goes no further than to charge that the defen-

dant "did unlawfully engage in itinerant trade." As it is admitted by the state that the indictment fails to charge a violation of this section of the statute we need not devote further time to a discussion of this issue.

The attorney general, however, contends that the indictment does charge an offense under sections 4141 and 4149, C. L. 1897. Section 4141 imposes a license tax upon certain vocations and business among which are peddlers. Section 4149, originally made it a penal offense for any person to carry on any business without a license, for the carrying on of which a license was required by the act of which said section formed a part. But this act was amended by sec. 4 of chap. 108 of the laws of 1901, so that it now reads as follows:

"Any person, firm or corporation who shall engage in or carry on any business or avocation, for which a license is required without having paid such tax, shall be required to pay double the amount of such tax for the time which expired from the beginning of such business or avocation until a legal application for a license shall have been made; and if such person, firm or corporation shall refuse or neglect to take out a license, and pay the penalty above mentioned, for thirty days after receiving a notice from the assessor, a notice such as is required by section 4155 as amended by section 5 of this act, shall be deemed guilty of a misdemeanor, and, upon conviction, be fined any sum not less than fifty nor more than one hundred dollars, or be imprisoned in the county jail not more than six months."

By this section it will be observed that a person who engages in any business or avocation, for which a license is required, without having paid such tax, shall be required to pay double the amount of such tax for the time which expired from the time he began such business until such tax is paid. It is not made a misdemeanor to engage in business without having paid a license tax, but the party doing so is required to pay a double license or tax. It is, however, made a misdemeanor to refuse or neglect to take out a license, and to pay the penalty, viz: double the ordinary tax or license, within thirty days after

receiving a notice from the assessor, as provided in the act. Under this act, if it is still in force, the penal offense is the failure to pay the tax within thirty days after receiving the notice from the assessor. This being true, it would be necessary, in order to charge an offense under this section, to allege that the notice was received by the offending party and that he failed to pay the tax within the time limit. "In those cases, in which the violation of a duty based upon notice is the gist of offense, the giving of the notice must be averred." 22 Cyc. 329. The indictment failing to allege that such notice was received by the defendant, and the failure thereafter by the defendant for 30 days to pay such tax or license fee, it follows that the indictment was not good under section 4149 supra, and the indictment failing to charge an offense under either section of the statute, the judgment of the lower court will be reversed and the cause remanded, with instructions to the lower court to sustain the demurrer to the indictment and the motion in arrest of judgment and discharge the defendant.